UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20667-KMW

UNITED STATES OF AMERICA

vs.

PEDRO CEBALLOS JAIME

    **Defendant.**
_____/

## FACTUAL PROFFER

The United States of America and the defendant, Pedro Ceballos Jaime ("CEBALLOS"), hereby agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt as to Count One of the Indictment.

1. Since 2016, the FBI has investigated a criminal enterprise operated by Palacio Farley and others for crimes including drug trafficking, identity theft, and extortion. The enterprise has also been identified by law enforcement as suspects in a number of violent crimes, including armed home invasions. In February and March of 2018, law enforcement obtained authorization to intercept wire and electronic communications for a phone number that was utilized by co-defendants Palacio Farley and Karen Williams.

2. Over the course of the wire interception period, law enforcement identified that CEBALLOS was a source of supply for Molly, a Schedule I controlled substance, to the enterprise. For example, on several phone calls Williams would speak to CEBALLOS in Spanish to purchase ounce quantities of Molly, and Williams would translate the calls to Farley who would finalize the deals. During one call, Farley complained that CEBALLOS had sold them less drugs then the parties had previously agreed to and Farley explained he had already begun distributing the product to others. However, despite the disagreement, Farley, Williams, and co-defendant Willie Hudson continued to purchase controlled substances from CEBALLOS, intended for further distribution.



3. Law enforcement set up a pole camera outside of CEBALLOS' residence and witnessed Williams drive to the residence. Law enforcement also obtained a search warrant for Williams' cell phone and found videos of her driving to CEBALLOS' residence to purchase controlled substances.

4. On April 19, 2018, law enforcement obtained a federal search warrant to search CEBALLOS' residence. Officers found drug paraphernalia and approximately a half pound of marijuana. CEBALLOS spoke to law enforcement and admitted that on multiple occasions he sold ounce quantities of Molly to the enterprise, confirming the information learned through physical surveillance and intercepted over the wire.

5. During the conspiracy period listed in Count One of the indictment, CEBALLOS agreed to knowingly possess with intent to distribute controlled substances to the enterprise.

These events occurred in Miami-Dade County in the Southern District of Florida, and elsewhere. The Parties agree that these facts, which do not include all of the facts known to the United States and to the Defendant, are sufficient to prove the guilt of the Defendant as to Count One of the above-referenced indictment.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 12/3/19        By: _____
                          CARY O. ARONOVITZ
                          ASSISTANT UNITED STATES ATTORNEY

Date: 12/3/19        By: _____
                          DAVID S. MARKUS
                          ATTORNEY FOR DEFENDANT

Date: 12/3/19        By: Pedro Ceballos Jaime
                          PEDRO CEBALLOS JAIME
                          DEFENDANT

2